# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| In the Matter of: | } | |
| | } | |
| EMMA WHITE | } | CASE NO. 06-81608-JAC-13 |
| SSN:   XXX-XX-5203 | } | |
| | } | CHAPTER  13 |
| Debtor(s). | } | |
| | | |
| EMMA WHITE | } | A.P. No. 06-80134-JAC-13 |
| | } | |
| Plaintiff(s), | } | |
| v. | } | |
| | } | |
| CITIFINANCIAL AUTO, LTD., | } | |
| | } | |
| Defendant(s). | | |

### MEMORANDUM OPINION

This case is before the Court on CitiFinancial Auto, Ltd.'s motion to stay the above reference adversary proceeding and to compel arbitration.  Debtor opposes the motion and asserts that this Court must retain the proceeding as part of its "core" jurisdiction. In conformity with the Court's decision in the case of *Rozell v. CitiFinancial Auto Corporation*, 2006 WL 3531284 (Bankr. N.D. Ala. 2006), the Court finds that CitiFinancial's motion to compel arbitration is due to be granted.

### Findings of Fact

On February 15, 2003, debtor executed a Retail Installment Contract and Security agreement for the purchase of a 2000 Ford Explorer Ram pickup truck.  On the same date, the debtor executed a separate document titled "Arbitration Agreement" pursuant to which

the debtor agreed to arbitrate all claims and disputes "arising out of, in connection with, or relating to . . . . any claim or dispute based on a federal or state statute."

On August 16, 2006, debtor filed for relief under Chapter 13 of the United States Bankruptcy Code. On September 12, 2006, CitiFinancial filed a secured claim in the amount of $11,170.80 for the amount due and owing on the truck.

On October 2, 2006, debtor filed an objection to the claim on the grounds that debtor's plan provided for the surrender of debtor's interest in the vehicle as the co-signor, debtor's daughter, drives and pays for the vehicle. The debtor requested that the claim as filed be disallowed. On November 14, 2006, the Court entered an order by agreement of the parties on the objection to claim. The order provides in part that "the objection to the claim, presently filed by CitiFinancial Auto Corporation, f/k/a Arcadia Financial . . . shall be sustained and the claim shall be removed from payment by the Trustee." The order further provides that CitiFinancial shall have the right to file an unsecured deficiency claim, if and when established after repossession of the collateral.

On November 1, 2006, CitiFinancial filed a motion for relief from automatic stay and co-debtor stay. On November 16, 2006, the Court entered an order on CitiFinancial's motion for relief from the stay granting the motion by consent. The order terminated the stay and permitted CitiFinancial to repossess and otherwise proceed against the 2000 Ford Explorer.

On November 29, 2006, the Court entered an order confirming debtor's Chapter 13 plan. With respect to the above styled adversary proceeding, the confirmation order provides as follows:

> The debtor(s) is authorized to pursue his/her potential claim against <u>CitiFinancial</u> for damages in the debtor's own name. Employment of litigation counsel, his/her fees and expenses, settlement of claim/lawsuit, and disbursal of settlement or awards (if any) must be approved by this court. The debtor(s) is allowed to exempt $ 0  of the settlement or award. All proceeds of the settlement or award, after deducting reasonable attorney's fees and expenses the debtor(s) allowed exemption, shall be paid to the Trustee.

Debtor seeks damages against CitiFinancial in the adversary proceeding pursuant to the Truth in Lending Act ("TILA") to recover actual damages of up to $250.00 plus interest, statutory damages of twice the actual finance charge, capped at $1000.00, and costs including attorney fees based on CitiFinancial's alleged failure to make proper disclosures relating to GAP insurance purchased by the debtor in connection with the loan.

**Conclusions of Law**

In *Rozell CitiFinancial Auto Corporation*, 2006 WL 3531284 (Bankr. N.D. Ala. 2006), the Court recognized the strong national policy favoring arbitration and explained that arbitration will be compelled where the parties have previously agreed to submit their claims to arbitration unless the party opposing arbitration is able to demonstrate that "Congress intended to preclude a waiver of the judicial remedies for the statutory rights at issue."[1] The Court does "not have discretion to override an arbitration agreement unless it finds the proceedings are based on provisions of the Bankruptcy Code that 'inherently conflict' with the Arbitration Act or that arbitration of the claim would 'necessarily jeopardize' the

---

[1] *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 227 (1987).

objectives of the Bankruptcy Code."[2] The burden is upon the debtor to establish congressional intent by demonstrating that the text or purposes of the Bankruptcy Code would be violated by enforcing an arbitration agreement under the particular circumstances of the case.

In *Rozell*, the Court compelled arbitration in an ongoing Chapter 13 case finding that the debtors failed to establish that Congress intended to preclude waiver of the judicial remedies for the claims at issue where arbitration would not cause a delay in administration of the case and any impact on the ultimate distribution to creditors would be minimal under the circumstances of the case. Although the Court recognized that resolution of the debtors' TILA action would potentially have some impact on the ultimate distribution to creditors, the Court concluded that the potential impact was not sufficient to override the FAA's mandate and the national policy favoring arbitration.

Under the circumstances of the present case, the Court finds that enforcement of the arbitration agreement will not jeopardize or inherently conflict with the objectives of the Bankruptcy Code. By agreement of the parties, the stay has lifted on the property in favor of CitiFinancial and CitiFinancial's claim has been reduced to the amount paid. CitiFinancial no longer has a claim in this case and it is uncertain whether a deficiency claim will be filed. The Court further finds that enforcement of the arbitration agreement will not delay the administration of the debtor's estate, threaten the debtor's reorganization efforts, or hinder

---

[2] *MBNA Am. Bank v. Hill (In re Hill)*, 436 F.3d 104, 108 (2nd Cir. 2006).

distribution to creditors. The amount in controversy involved in this action is approximately $250.00, plus statutory damages capped at $1,000.00, and attorney fees. Pursuant to the terms of the debtor's confirmed plan, any award will be paid to the trustee for distribution to creditors. Compelling arbitration under these circumstances will not jeopardize the efficient administration of the debtor's bankruptcy case. The debtor can proceed with her confirmed plan while pursing her TILA claims in arbitration.

A separate order will be entered consistent with this opinion.

Dated: December 12, 2006

/s/ Jack Caddell
Jack Caddell
U.S. Bankruptcy Judge

JAC/mhb
xc: Debtor(s)
 A. Wilson Webb, attorney for plaintiff(s)
 Janine L. Smith, attorney for defendant(s)
 William N. Pitts, trustee7

5